Nasjí, J.
 

 , The first objection to evidence, made in the court below, has been very properly abandoned in the argument here. It certainly cannot be maintained; and the exception to be considered, contained in the case properly speaking, is as to the admissibility of the testimony of Mrs. Allison. His Honor, who tried the case, rejected it. In this, we think, there is error, To sustain a charge of perjury, it is necessary for the State to prove, not only that the
 
 *272
 
 oath was false, but that the defendant took it corruptly and wilfully, against his better knowledge. Hawkins says, a jury ought not' to convict where it is probable, that the fact of the falsity of the oath was owing rather to the weakness than the perverseness of the party; as where it was occasioned by surprise or'inadvertence, or by mistake. 1 Haw. ch. 69, 4 Bl. Com. 137. Corruption is an essential ingredient in constituting the crime; and in this, as in other cases of intent, the jury may infer the motive from the circumstances.
 
 Knitt’s case,
 
 5 B. and Al. 929 (7th E. C. L. R. 306), Roscoe’s Cr. Ev, 822. The oath taken by the defendant, it may be admitted, was not true: — was it
 
 corruptly
 
 false, was the enquiry. To enable the jury to come to a conclusion, satisfactory to themselves, on a question of such vital importance to the defendant, they ought to have had submitted to them every fact attending the transaction— not those alone, which preceded and accompanied the affray, but also such as immediately followed; and it was the light of the defendant to lay before them every chrcumstance connected with the transaction, which could aid them in coming to a conclusion upon the question of intent. Was •not the evidence rejected highly important in this point of view ? An assault and battery was made upon the defen■dant by several individuals, and from one of them he received a blow, which rendered him senseless. Immediately upon recovering his senses, within a few minutes after being knocked down, being asked who struck the blow,’ he answered, it was Archibald Hemphill. It is admitted, that the latter was there, and of the company of the assailants. •Mrs. Allison was not present when the assault was made, and the question she asked was a natural one, such as any one under similar circumstances would have put. The answer was made as soon as consciousness returned, unpremeditated, and without the possibility of concocting a false tale. It was strongly put in the argument here, that, 'if, on the trial of the defendants, Curtis had sworn, as no
 
 *273
 
 doubt he did, before the magistrate, what he told Mrs. Allison would have been evidence to sustain him. And why is not that declaration, so made, evidence to prove the'want of corruption ? — evidence to show, that he believed what he had sworn to ? We can see no possible reason for his fixing the infliction of the blow upon the wrong individual. If they were all theie with a common intent to commit the assault and battery, it was a matter of indifference in law, which one of them gave the blow — they were all equally guilty of giving it. If A. and B. are engaged in an affray, any person may interfere to separate them; but, if a Derson interferes for the purpose of assisting either party, or to prevent others from parting them, he is guilty of the affray.:— This is common learning; and it is prudent on such occasions for the interfering party to make known his intention, before he does interfere; and nothing is more common, upon the trial of such cases, than to give such person’s declarations in evidence, as proof of his intention. The jury, it is true, are not bound by them, but the evidence is competent. Here, the declarations were made before the act was committed, for which the defendant is indicted — to wit, the taking of the oath, and was not offered to show, that Archibald Hemphill was guilty, but to show the absence of corruption on the part of the defendant in saying he was guilty.. In that point of view, the declaration, made by the defen-, dant to Mrs. Allison, was competent evidence.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo,
 
 awarded,.